Douglas L. Mahaffey, SBN 125980
**MAHAFFEY LAW GROUP**
**A Professional Corporation**
1048 Irvine Avenue #640
Newport Beach, California 92660
Telephone: (949) 833-1400
Facsimile: (949) 263-8736
Email: dougm@mahaffeylaw.com

Attorneys for Plaintiffs
ANDY LU and HEATHER LU

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| ANDY LU, an individual; and HEATHER LU, an individual<br><br>Plaintiffs,<br>vs.<br><br>NORTH AMERICAN TITLE INSURANCE COMPANY, a South Carolina Corporation; and Does 1 TO 50, inclusive,<br><br>Defendants. | CASE NO:<br><br>**COMPLAINT FOR BREACH OF CONTRACT; BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALINGS; AND DECLARATORY RELEIF; DEMAND FOR JURY TRIAL** |

Plaintiffs ANDY LU and HEATHER LU (hereinafter collectively referred to as "Plaintiffs" or the "Lus" to be used interchangeably) complain against Defendant NORTH AMERICA TITLE INSURANCE COMPANY ("NATIC") and allege as follows:

## NATURE OF THE COMPLAINT

1. This is a lawsuit by the Lu family to recover the full amounts owed under a title insurance policy issued by NATIC. It arises out of NATIC's wrongful and bad faith

Mahaffey Law Group, P.C.
1048 Irvine Avenue #640
Newport Beach, CA 92660

1  refusal to fully defend and indemnify the Lu family for losses and attorney fees they
2  sustained in an underlying lawsuit entitled *Thomas J. Bowers III, Trustee of the Bowers
3  Trust v. Andy Lu and Heather Lu*, that was filed in Eldorado County, Case No.
4  PC20190363 ("*Bowers*"). The *Bowers* case alleged against the Lu family causes of
5  action for prescriptive easement, implied easement, equitable easement, easement by
6  estoppel, declaratory relief, quiet title, interference with easement, injunctive relief and
7  slander of title. In the lawsuit, the Lus' neighbor sought to enforce rights to use a
8  purported easement over the Lus' property – claims falling squarely within the title
9  insurance policy NATIC sold to the Lu family. NATIC eventually agreed to accept the
10 claim and defend the *Bowers* case but refused to compensate the Lu family for the costs
11 of defense they incurred prior to NATIC assigning a Sacramento based attorney in the
12 fall of 2020 or for the $400,000 settlement the Lus were forced to pay in the underlying
13 litigation. The Sacramento attorney assigned to defend the *Bowers* case worked against
14 the Lus' interest in focusing his work on the title claims to the exclusion of the tort claims
15 and continually framed the issues in a way that would exclude coverage. Accordingly,
16 the Lus made a formal demand pursuant to Insurance Code section 2860 for independent
17 counsel which was denied by NATIC.

## THE PARTIES

19  2.   Plaintiff are informed and believe that Defendant North American Title
20 Insurance Company (NATIC) is and at all times herein mentioned, is a foreign
21 corporation authorized to transact business in the state of California, county of El
22 Dorado, organized and existing under the law of the State of South Carolina with
23 principal offices located in the Miami Florida. The Lus are informed and believe, and on
24 that basis allege, that NATIC holds itself out as a sophisticated insurance company with
25 significant experience in providing title insurance in California and throughout the
26 country. Indeed, according to their website NATIC "is a seasoned title insurance
27 underwriter that has been helping customers achieve the American dream of
28 homeownership for more than 50 years." (See https://www.natic.com/Home.aspx. )

NATIC claims to be known as the ""underwriter next door," because our associates are always easy to reach and our processes are, at all times, quick and straightforward" *Id*. NATIC also represents itself as among "the nation's largest title underwriters," …generating "more than $247 million in agency premiums" See https://www.natic.com/About-Us/Family-Of-Companies.aspx.

3.     Plaintiffs are ignorant are ignorant of the true names and capacities, whether individual, associate, partnership, corporate, or otherwise, of the defendants fictitiously designated herein as Does 1 through 50, and therefore sues those defendants by these fictitious names. The Lus will seek leave of court to amend this complaint when the true names and capacities of these fictitiously designated defendants have been ascertained. The Lus are informed and believe, and on that basis allege, that Does 1 through 50, in some way unknown to the Lus, have underwritten or provided insurance coverage to the Lus, or are otherwise responsible for losses alleged herein, and that Does 1 through 50 are authorized to, and do, transact insurance business in the State of California and County of El Dorado.

4.     Plaintiffs are informed and believe and thereon allege that, at all times herein mentioned each of the defendants sued herein was the agent and employee of each of the remaining defendants and was at all times acting within the purpose and scope of such agency and employment.

5.     Plaintiffs Andy Lu and Heather Lu are individuals, married to each other and residing together in El Dorado county.

**DIVERSITY OF PARTIES**

6.     Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 because complete diversity between the Plaintiffs and Defendant exists. Plaintiffs Andy Lu and Heather Lu are individual natural persons, married to each other and both citizens of the United States domiciled in the state of California in the county of El Dorado.  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd*.,

704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001).

7. Defendant North American Title Insurance Company is a corporation formed and incorporated in the state of South Carolina with its principle place of business being in Miami, Florida. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. *Tectonics, Inc. v. Aero Alloy,* 912 F.2d 1090, 1092 (9th Cir. 1990).

8. The amount in controversy exclusive of interest and costs exceeds $75,000. The Lus seek damages against NATIC for $400,000 in damages to settle the Easement Action and $65,000 in attorney fees plus damages for emotional and mental distress in an amount to be determined at trial. Accordingly, the amount in controversy excluding interests and costs exceeds $75,000. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

9. Venue in the Eastern District of California is proper pursuant to 28 U.S.C. § 1391 because Plaintiff is located in this District, a substantial part of the events or omissions on which the claims asserted herein are based, occurred in this District and the subject contract was executed in the District.

## THE LUS' TITLE INSURANCE POLICY

10. In 2018, the Lus purchased property located at 1616 Pheasant Lane, El Dorado Hills, California 95762 (the "Property").

11. In conjunction with the purchase of the Property, on April 20, 2018, NATIC issued the Lus an America First Homeowner's Policy of Title Insurance (the "Policy"). The Policy provides broad coverage against loss or damages suffered by the Lus as result of defects, liens, or encumbrances on the Lus' title and interest in the Property. The amount of insurance provided in the Policy is $1,300,000.00. A true and correct copy of the Policy is attached as **Exhibit "A"** and incorporated herein by

reference.

12. The Policy states that it covers the Lus' interest in the Property, which the Policy identifies as: "A PORTION OF THE NORTHEAST 1/4 OF SECTION 12, TOWNSHIP 9 NORTH, RANGE 8 EAST, M.D.B.&M., MORE PARTICULARLY DESCRIBED AS FOLLOWS: PARCEL 1, AS SHOWN ON THAT CERTAIN PARCEL MAP FILED IN THE OFFICE OF THE COUNTY RECORDER OF EL DORADO COUNTY ON MAY 8, 1978, IN BOOK 19 OF PARCEL MAPS, AT PAGE 139." Policy, Schedule A, para. 3.

13. Subject to various terms, conditions and exclusions, the Policy obligates NATIC to indemnify the Lus against any "actual loss, including any costs, attorneys' fees and expenses provided under this Policy. The loss must result from one or more of the Covered Risks set forth below." Policy, p. 1.  The relevant Covered Risks are:

- Someone else owns an interest in Your Title.
- Someone else has rights affecting Your Title because of leases, contracts, or options.
- Someone else claims to have rights affecting Your Title because of forgery or impersonation.
- Someone else has an Easement on the Land.
- Someone else has a right to limit Your use of the Land.

Policy, Covered Risks.

## FIRST CAUSE OF ACTION

*(Breach of Contractual Duty to Pay Obligations Covered Under Policy, by Lus Against NATIC)*

14. Plaintiffs reallege and reincorporate all prior paragraphs as if fully stated herein.

15. Title insurance is a contract "insuring, guaranteeing or indemnifying owners of real or personal property . . . against loss or damage suffered by reason of: [¶] (a) Liens or encumbrances on, or defects in the title to said property; [¶] (b) Invalidity or

5
COMPLAINT AND DEMAND FOR JURY TRIAL

1  unenforceability of any liens or encumbrances thereon; or [¶] (c) Incorrectness of
2  searches relating to the title to real or personal property." (Ins. Code, § 12340.1.)

3  16.  Within a year of taking possession of the Property the Lus realized their neighbor Thomas Bowers was trespassing across their property and driving large vehicles across a dirt path on their property posing a dangerous risk to their young child including risk of being hit by a vehicle as well as causing plumes of dust and debris clouds from the wake of vehicles on the dirt path to invade the Lus' property.  When the Lus attempted to speak with Bower's and stop him from trespassing he informed them he had a 25-foot easement across a dirt road on the Lus' property to enter the North East corner of his property.  Bowers claimed to have used the easement since 1990.

17.  The Lus were never informed of the purported easement and no such easement was recorded.  No easements in favor of Bowers at the location they set forth were included in the NATIC policy.

18.  Bowers began a construction project on his property and directed large construction vehicles to drive across the Lu property to gain access to Bower's property, causing damage to the Lu Property and causing danger that prevented the Lus from use and enjoyment of their property.  The Lus demanded Bowers and his agents stop trespassing on their property and notified the sheriff.

19.  On July 8, 2019, Thomas Bowers filed *Thomas J. Bowers III, Trustee of the Bowers Trust v. Andy Lu and Heather Lu*, in Eldorado County, Case No. PC20190363 ("*Easement Action*").  The *Bowers* case alleged against the Lu family causes of action for prescriptive easement, implied easement, equitable easement, easement by estoppel, declaratory relief, quiet title, interference with easement, injunctive relief and slander of title. A true and correct copy of the Easement Action is attached hereto as **Exhibit "B".**

20.  Plaintiffs retained counsel to respond to the Easement Action, including filing a separate counter action on July 11, 2019, to terminate the purported easement alleging theories of estoppel, changed circumstances, partial termination based on estoppel, partial termination based on changed circumstances and trespass (Case No.

PC20190375) (the "Termination Action"). A true and correct copy of the Termination Action is attached hereto as **Exhibit "C".** The Termination Action was subsequently consolidated with the Easement Action.

21. The Lu family timely notified NATIC under the terms of the Policy.

22. On September 4, 2020, NATIC accepted coverage of the claim and agreed to defend the Lus in the Easement Action. NATIC expressly stated that the covered claims were limited to the title issues and not the tort claims alleged in the Easement Action. A true and correct copy of the coverage letter is attached hereto as **Exhibit "D".**

23. NATIC refused to pay the $45,000.00 in attorney fees and costs incurred to defend title to the Property. NATIC claims it is not obligated to pay Plaintiff's attorneys fees in breach of the Policy coverage for "actual loss, including any costs, attorneys' fees and expenses provided under this Policy." Policy, pg. 1.

24. The Lus were assigned an attorney by NATIC to take over their case. The assigned attorney worked against the Lus' best interest in focusing his work on the title claims to the exclusion of the tort claims and continually framed the issues in a way that would exclude coverage. Accordingly, the Lus made a formal demand pursuant to Insurance Code section 2860 for independent counsel which was denied by NATIC. A true and correct copy of the *Cumis* attorney demand is attached hereto as **Exhibit "D".**

25. NATIC breached its duties to the Lu family in the following ways:
    a. Unreasonably and without proper cause refusing to pay the benefit owed for loss, attorneys fees and expenses under the policy;
    b. Failing to diligently defend and search for evidence to support the Lus' defense and instead searching only for ways to frame the case as falling outside coverage;
    c. Failing to consider the Lu family's interest as much as its own in handling the claim;
    d. Failing to timely and reasonably conduct a claim investigation;
    e. Otherwise putting its own interests above the Lu family's interests.

26. The Lu family was forced to pay $400,000 to settle the Easement Action and suffered an actual loss of $400,000, plus interest and costs and expenses.

27. NATIC has breached the Policy by failing to pay actual loss, including any costs, attorneys' fees and expenses provided under the Policy.

28. Plaintiffs have suffered actual loss of $400,000 for settlement costs, plus interest, expenses and costs, $45,000 in attorney fees, plus interest at the legal rate.

29. To the extent not waived or otherwise excused, the Lus complied with all terms and conditions precedent contained in the Policy including payment of premiums deductibles. Therefore, the Lus are entitled to all benefits of insurance provided by the Policy.

## SECOND CAUSE OF ACTION

*(Breach of the Implied Covenant of Good Faith and Fair Dealing by the Lus Against NATIC)*

30. Plaintiffs reallege and reincorporate all prior paragraphs as if fully stated herein.

31. In every insurance policy there exists an implied good-faith covenant that the insurance company will not do anything to injure the right of the insured to recover the benefit of the policy.

32. NATIC also had a duty under the Policy, the law, and insurance industry custom, practice, and standards to conduct a prompt and thorough investigation and give at least the same level of consideration to the Lus interests as it gave to its own interests..

33. NATIC breached its duty of good-faith and fair dealing to the Lu family in the following ways:

    a. Unreasonably and without proper cause refusing to pay the benefit owed under the policy;

    b. Failing to diligently defend and search for evidence to support the Lus' defense and instead searching only for ways to frame the case as falling outside coverage;

      c. Failing to consider the Lu family's interest as much as its own in handling the claim;

      d. Failing to timely and reasonably conduct a claim investigation.

34. NATIC's conduct was undertaken by its managers or managing agents, who were responsible for claims supervision and operations, communications and decisions. This conduct was undertaken on behalf of Farmers, which had advance knowledge of the actions and conduct of said individuals whose actions and conduct it ratified, authorized and approved.

35. As a direct and proximate result of NATIC's breach, the Lu family has suffered and will continue to suffer damages. These damages include the withheld benefit of the Policy, emotional and mental distress and other general and special damages.

36. As a further proximate result of the aforementioned unreasonable conduct of NATIC, the Lu Family was compelled to retain legal counsel to obtain the benefit due under the Policy. NATIC therefore is liable to the Lu family for those attorney fees, witness fees and costs of litigation reasonably necessary and incurred in order to obtain the Policy benefit.

37. The Policy insures against the loss or damage incurred by reason of title to the Property as stated in the Policy or a defect in or lien or encumbrance on the title. The Policy also provides to pay "actual loss, including any costs, attorneys' fees and expenses provided under this Policy." Policy, pg. 1.

38. In breach of the implied covenant of good-faith and fair dealing, NATIC did the things and committed the acts alleged above for the purpose of consciously withholding from the Lu family the rights and benefits to which they were and are entitled under the Policy.

39. NATIC's acts are inconsistent with the reasonable expectations of the Lu family, are contrary to established insurance industry custom and practice, are contrary to

legal requirements, are contrary to the express terms of the Policy, and constitute bad faith.

40. As a direct and proximate result of NATIC's acts, the Lu family have suffered damages totaling at least $445,000 plus interest at the legal rate. The Lus continue to suffer damages because of NATIC's bad faith and will seek leave to amend their complaint once they ascertain the full extent of their damages.

41. Also, pursuant to *Brandt v. Superior Court*, 37 Cal. 3d 813 (1985), the Lus are entitled to recover all attorneys' fees that they have reasonably incurred, and continue to incur, in their efforts to obtain the benefits due under the Policy that NATIC has withheld and is withholding in bad faith. The Lus are also intitled to interest at the maximum rate.

42. NATIC has engaged in a series of acts designed to deny the Lus the benefits due under the Policy. Specifically, NATIC by acting as alleged above, in light of information, facts, and relevant law to the contrary, consciously disregarded the Lus' rights and forced the Lus to incur substantial financial losses of over $445,000.00 thereby inflicting substantial financial damage on the Lus.

43. The Lus have also suffered extreme emotional and mental distress as a result of NATIC's failure to act in good faith.

### THIRD CAUSE OF ACTION

*(Declaratory Relief by the Lus Against NATIC )*

44. Plaintiffs reallege and reincorporate all prior paragraphs as if fully stated herein.

45. An actual controversy exists between the Lus and First American. The Lus contend that NATIC has a duty to defend and indemnify the Lus in connection with the litigation to defend title to the Property pursuant to the Policy, including the Easement Action and the Termination Action. NATIC repudiated these duties, and it has failed to meet its obligations pursuant to the Policy. Therefore, declaratory relief is necessary to determine the Lus' rights under the Policy. Specifically, the Lus seek a declaration from

the Court of the parties' rights and responsibilities under the Policy and that Plaintiffs' attorneys' fees, expenses and settlement payment arising out of the Easement Action are covered under the Policy such that NATIC is obligated to indemnify and pay these losses.

46. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiffs may ascertain North American Title Insurance Company's rights and duties.

## FOURTH CAUSE OF ACTION

*(Declaratory Relief by the Lus Against Does 1-50)*

47. The Lus reallege and incorporate by reference paragraphs 1-39, above.

48. The Lus are informed and believe, and on that basis allege, that Does 1 through 50, dispute the Lus are entitled to payment under the Policy for losses, settlement payment, attorney fees and expenses in defending the Easement Action. Therefore, an actual and justiciable controversy exists between the Lus and Does 1 through 50 concerning the matters alleged herein.

49. The Lus therefore seek a judicial declaration as to the duties of Does 1 though 50, including the duty to indemnify and pay the Lus' under the Policy for losses, settlement payment, attorney fees and expenses in defending the Easement Action.

50. A judicial declaration is necessary and appropriate at this time under the circumstances in order that the parties' dispute may be resolved and that the parties be aware of their respective rights and duties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

### ON THE FIRST CAUSE OF ACTION

1. For damages according to proof at the time of trial, plus interest.

### ON THE SECOND CAUSE OF ACTION

2. For damages including damages for emotional and mental distress, plus interest in an amount to be determined at trial.

3. For reasonable attorneys' fees incurred in obtaining the benefits due under

the Policy at the time of trial, plus interest.

## ON THE THIRD CAUSE OF ACTION

4. For a declaration in accord with the Lus' contentions above

## ON THE FOURTH CAUSE OF ACTION

5. For a declaration in accord with the Lus' Contentions stated above.

## ON ALL CAUSES OF ACTION

6. For costs of suit incurred herein; and

7. For such other and further relief as the Court may deem proper.

DATED: September 14, 2021                    Respectfully submitted,

**MAHAFFEY LAW GROUP, P.C.**

By:_____
DOUGLAS L. MAHAFFEY
Attorneys for Plaintiffs
ANDY LU and HEATHER LU

## DEMAND FOR JURY TRIAL

Plaintiffs Andy and Heather Lu hereby demand a jury trial in this action.

DATED: September 14, 2021                    Respectfully submitted,

**MAHAFFEY LAW GROUP, P.C.**

By:_____
DOUGLAS L. MAHAFFEY
Attorneys for Plaintiffs
ANDY LU and HEATHER LU